**RIMAC & MARTIN, P.C.**
JOSEPH M. RIMAC - State Bar No. 72381
ANNA M. MARTIN - State Bar No. 154279
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY OF AMERICA

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

***E-FILING***

SHERI GARAY,

Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA, and DOES 1-10,

Defendants.

CASE NO. **3:08-cv-01059 SBA**

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum" or "defendant"), and in answer to Plaintiff's Complaint for Damages ("plaintiff's complaint"), responds, states, and avers as follows:

1. Answering paragraph 1 of plaintiff's complaint, defendant admits that it received information that plaintiff was a resident of Contra Costa County, State of California at some of the times raised in this complaint. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 1 of plaintiff's complaint.

2. Answering paragraph 2 of plaintiff's complaint, Unum admits that it is a corporation licensed to transact the business of insurance in the State of California. Defendant further admits that Unum is organized and existing under and by virtue of the laws of the State of

Maine. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 2 of plaintiff's complaint.

3. Answering paragraph 3 of plaintiff's complaint, defendant denies each and every allegation contained in paragraph 3 of plaintiff's complaint.

4. Answering paragraph 4 of plaintiff's complaint, Unum states no answer is required to plaintiff's categorical references.

5. Answering paragraph 5 of plaintiff's complaint, defendant denies each and every allegation contained in paragraph 5 of plaintiff's complaint.

6. Answering paragraph 6 of plaintiff's complaint, Unum admits that it received information that plaintiff was the proprietor of a Site for Sore Eyes business establishment in Concord, California. UNUM further admits that it received information that plaintiff sold her business in December, 2003. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 6 of plaintiff's complaint.

7. Answering paragraph 7 of plaintiff's complaint, UNUM admits that plaintiff purchased long term disability insurance as a benefit of employment for plaintiff and her employees. UNUM further admits that the effective date of the coverage was October 1, 1995. UNUM further admits that plaintiff paid for the premium herself and paid the premium for her employees who were also participants under the plan. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 7 of plaintiff's complaint.

8. Answering paragraph 8 of plaintiff's complaint, UNUM states that the terms and conditions of the policy speak for themselves. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 8 of plaintiff's complaint.

9. Answering paragraph 9 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 9 of plaintiff's complaint.

10. Answering paragraph 10 of plaintiff's complaint, UNUM admits that it has received information and medical records that indicate that plaintiff underwent some medical

procedures over the course of two years. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 10 of plaintiff's complaint.

11. Answering paragraph 11 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 11 of plaintiff's complaint.

12. Answering paragraph 12 of plaintiff's complaint, UNUM admits that based on subsequent financial information received by UNUM that UNUM issued an initial decision on March 3, 2003 that plaintiff's claim was overpaid in the amount $29,315.55. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation contained in paragraph 12 of plaintiff's complaint.

13. Answering paragraph 13 of plaintiff's complaint, UNUM admits that plaintiff appealed. UNUM further admits that plaintiff sought reassessment of her claim with a date of disability of September 5, 2001 pursuant to the CSA. UNUM admits that it issued a written decision after appeal on November 9, 2007, among other decisions. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 13 of plaintiff's complaint.

14. Answering paragraph 14 of plaintiff's complaint, UNUM admits that it opened a second claim for plaintiff with a date of disability of September, 2003. UNUM further admits that the elimination period was applied to plaintiff. UNUM further admits that it determined that the second elimination period was not to be applied to plaintiff. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 14 of plaintiff's complaint.

15. Answering paragraph 15 of plaintiff's complaint, UNUM admits that it recovered some of the money that plaintiff owed to UNUM by deducting the amount of the overpayment from plaintiff's disability benefits. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 15 of plaintiff's complaint.

16. Answering paragraph 16 of plaintiff's complaint, UNUM admits that it determined that the second elimination period was not to be applied to plaintiff. UNUM further

admits that it determined that benefits were not owing from March 2, 2002 through January, 2004 because plaintiff was not entitled to benefits under the applicable plan provisions. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 16 of plaintiff's complaint.

17. Answering paragraph 17 of plaintiff's complaint, UNUM denies each and every allegation contained therein.

18. Answering paragraph 18 of plaintiff's complaint, UNUM denies each and every allegation contained therein.

19. Answering paragraph 19 of plaintiff's complaint, UNUM denies each and every allegation contained therein.

20. Answering paragraph 20 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 20 of plaintiff's complaint.

21. Answering paragraph 21 of plaintiff's complaint, UNUM denies each and every remaining allegation contained in paragraph 21 of plaintiff's complaint.

22. Answering paragraph 22 of plaintiff's complaint, UNUM denies each and every allegation contained therein.

23. Answering paragraph 23 of plaintiff's complaint, UNUM denies each and every allegation contained therein.

24. Answering paragraph 24 of plaintiff's complaint, UNUM incorporates all preceding paragraphs of this Answer as if fully set forth in this paragraph.

25. Answering paragraph 25 of plaintiff's complaint, UNUM admits that it issued a Long Term Disability policy to plaintiff under which she and employees of her business were participants, but a copy of that policy was not attached to plaintiff's complaint as Exhibit 1. Instead, plaintiff attached a copy of the California Settlement Agreement entered into between UNUM and the California Department of Insurance. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 25 of plaintiff's complaint.

/ / /

26. Answering paragraph 26 of plaintiff's complaint, UNUM denies each and every allegation contained therein.

27. Answering paragraph 27 of plaintiff's complaint, UNUM denies each and every allegation contained therein.

28. Answering paragraph 28 of plaintiff's complaint, UNUM denies that plaintiff has been damaged in the amount alleged, in any amount, or at all, and further denies that plaintiff is entitled to any relief whatsoever.

29. UNUM incorporates all preceding paragraphs of this Answer as if fully set forth herein.

30. Answering paragraph 30 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 30 of plaintiff's complaint.

31. Answering paragraph 31 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 31 of plaintiff's complaint.

32. Answering paragraph 32 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 32 of plaintiff's complaint.

33. Answering paragraph 33 of plaintiff's complaint, UNUM denies that plaintiff has been damaged in the amount alleged, in any amount, or at all, and further denies that plaintiff is entitled to any relief whatsoever.

34. UNUM incorporates all preceding paragraphs of this Answer as if fully set forth herein.

35. Answering paragraph 35 of plaintiff's complaint, UNUM states that a portion of this paragraph does not contain factual allegations to which a response is required. As to the factual allegations contained in paragraph 35 of plaintiff's complaint, UNUM denies each and every allegation contained therein.

36. Answering paragraph 36, and subparagraphs (a) through (p), UNUM denies each and every allegation contained in paragraph 36 and subparagraphs (a) through (p) of plaintiff's complaint.

/ / /

37. Answering paragraph 37 of plaintiff's complaint, UNUM denies each and every allegation contained therein.

38. Answering paragraph 38 of plaintiff's complaint, UNUM denies each and every allegation contained therein.

39. Answering paragraph 39 of plaintiff's complaint, UNUM denies that plaintiff has been damaged in the amount alleged, in any amount, or at all, and further denies that plaintiff is entitled to any relief whatsoever.

40. Answering paragraph 40 of plaintiff's complaint, UNUM denies each and every allegation contained therein, and further denies that plaintiff is entitled to any relief whatsoever.

41. Answering paragraph 41 of plaintiff's complaint, and the prayer contained therein as subparagraphs (1) through (10), UNUM denies that plaintiff has been damaged in the amount alleged, in any amount, or at all, and further denies that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's purported claim for relief fails to state facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the LTD Plan.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims against defendant arise solely under ERISA. Therefore, plaintiff's rights and remedies are limited solely to those afforded under ERISA.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has failed to mitigate her alleged damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has failed to perform all of her obligations under the LTD Plan at issue.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The decision on plaintiff's claim was neither arbitrary nor capricious.

**EIGHTH AFFIRMATIVE DEFENSE**

8. No act or omission of defendant constitutes the proximate or legal cause of any of plaintiff's damages, if any, because, amongst other things, the terms of the alleged contract of insurance did not allow for payment of the claimed benefits beyond those benefits already paid.

**NINTH AFFIRMATIVE DEFENSE**

9. Any alleged damage suffered by plaintiff was in no way caused by, or the result of, any fault, act or omission by defendant, but was caused by circumstances, persons, and/or entities, including plaintiff, for which and/or whom defendant is not and may not be held responsible, and for which defendant cannot be held liable.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's conduct bars, estops and/or constitutes a waiver of the claims asserted in plaintiff's complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's complaint fails to state facts sufficient to entitle plaintiff to an award of attorneys' fees under ERISA.

**TWELFTH AFFIRMATIVE DEFENSE**

12. While denying any liability to plaintiff, there is no "vesting" of benefits under the policy, and any claim for benefits based on an alleged continuing disability must be supported by proof of such continuing disability. Benefits cannot be awarded prospectively.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred in whole or in part to the extent they are barred by California Civil Code, Section 3294.

/ / /

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's purported claims for extracontractual damages are barred by the provisions of California Civil Code, Sections 3301 and 3302.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims for damages other than policy benefits plus interest are barred by the provisions of California Insurance Code, Section 10111.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. California Civil Code Section 3294, and the California judicial doctrine allowing open-ended extracontractual and punitive damages for "tortious" breach of the implied covenant of good faith and fair dealing, if applicable herein, are invalid on their face and as applied to answering defendant, as violating Article I, Sections 1, 2, 7, 9, 16 and 17, Article III, Section 3 and Article IV, Section 2, of the California Constitution and the First Amendment and Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution, in that:

(a) they deny to answering defendant a beyond-a-reasonable-doubt standard of proof [California Constitution, Article I, Section 7; United States Constitution, Fourteenth Amendment];

(b) they deny to answering defendant a unanimous jury [California Constitution Article I, Sections 7 and 16; United States Constitution, Fourteenth Amendment];

(c) jury and court discretion to punish by an award of punitive damages is not sufficiently constrained because the California punitive damages jury instructions are not sufficient and are not saved by *de novo* post trial review at the trial and appellate court levels [California Constitution, Article I, Section 7; United States Constitution, Fourteenth Amendment];

(d) no fair notice is given in advance of conduct of the permitted range of punishment or of the prohibited conduct [California Constitution; Article I, Sections 7 and 9; United States Constitution, Fourteenth Amendment];

/ / /

(e) no requirement exists in California limiting punitive damages to a reasonable proportionality to compensatory damages [California Constitution, Article I, Sections 7 and 17; United States Constitution, Fourteenth Amendment];

(f) no requirement exists in California limiting punitive damages to a reasonable proportionality to actual harm done [California Constitution, Article I, Sections 7 and 17; United States Constitution, Fourteenth Amendment];

(g) review of punitive damages awards for excessiveness without objective proportionality requirements is wholly personal and subjective [California Constitution, Article I, Sections 7 and 17; United States Constitution, Fourteenth Amendment];

(h) the criteria for punitive damages awards for breach of the implied covenant of good faith and fair dealing with malice or oppression are impermissibly vague and uncertain [California Constitution, Article I, Section 9; United States Constitution, Fourteenth Amendment];

(i) such vagueness and uncertainty chills protected speech and denies access to the courts to resolve disputes [California Constitution, Article I, Sections 2 and 7; United States Constitution, First and Fourteenth Amendments];

(j) they discriminate against defendant in granting criminal trial protections and limiting the amount of punitive damages awardable to some classes of defendants, but not to answering defendant and others similarly situated [California Constitution, Article I, Section 7; United States Constitution, Fourteenth Amendment]; and

(k) they violate the separation of powers requirements of the California Constitution by allowing courts and juries to determine what conduct constitutes punishable conduct and the amount of punishment therefor [California Constitution, Article III, Section 3 and Article IV, Section 1].

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including but not limited to, the statute which applies to plaintiff's breach of the covenant of good faith and fair dealing claim, including but not limited to, Code of Civil

Procedure Section 339.5 and the statute which applies to plaintiff's claim for punitive damages, including but not limited to, Code of Civil Procedure Section 340.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. To the extent any of plaintiff's claims are based upon the theory that there exists an "implied covenant of good faith and fair dealing" in an insurance contract, this implied covenant requires both parties to the contract to deal fairly and in good faith with each other. Answering defendant are informed and believes, and upon such basis alleges, that plaintiff, his agents and representatives, failed to deal fairly and in good faith with answering defendant in the prosecution, handling and management of the claim referred to in plaintiff's complaint and that such conduct proximately and concurrently caused the happening of the events and damages referred to in plaintiff's complaint. Damages awarded to plaintiff for answering defendant's alleged bad faith, if any, should be reduced by the amount of bad faith conduct by plaintiff, his agents and representatives.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. To the extent this is an action for a penalty or forfeiture, it is barred by California Code of Civil Procedure Section 340, subdivision 1.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. To the extent this is an action for tortious or quasi-tortious conduct, it is time barred by California Code of Civil Procedure Section 340, subdivision 3, and/or by California Code of Civil Procedure Section 339.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

21. No act or omission of defendant constitutes the proximate or legal cause of any of plaintiff's damages, if any, because, amongst other things, the terms of the alleged contract(s) of insurance did not allow payment of the claimed benefits.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

22. Plaintiff may not seek, nor recover extracontractual or punitive damages as this matter is governed by ERISA.

/ / /

**TWENTY THIRD AFFIRMATIVE DEFENSE**

23. ERISA does not provide for a trial by jury, thus, plaintiff's demand for a jury trial should be stricken.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

24. To the extent this is an action for breach of contract or claim for benefits under ERISA, it is time barred by California Code of Civil Procedure Section 337.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure, Sections 340(3), 340(1), 339 subd. 1, 338(b)(c) & (d) and 343.

Defendant reserves the right to assert additional affirmative defenses should it become aware of additional defenses during the course of this litigation, as set forth in Federal Rules of Civil Procedure, Rule 8.

**WHEREFOR**, defendant prays for judgment as follows:

1 That plaintiff take nothing by reason of her complaint;

2. For defendants' attorneys' fees and costs of suit incurred herein; and,

3. For such other and further relief as the Court deems just and proper.

RIMAC MARTIN
*a Professional Corporation*

DATED: March 13, 2008 By: /s/ Anna M. Martin
ANNA M. MARTIN
Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY OF AMERICA