1  **JOHN F. MARTIN, ESQ. (SBN 52618)**
   **CHRISTINE HOPKINS, ESQ. (SBN 240248)**
2  **LAW OFFICES OF JOHN F. MARTIN**
   A Professional Corporation
3  3100 Oak Road, Suite 230
   Post Office Box 5331
4  Walnut Creek, CA  94596
   Telephone:    (925) 937-5433
5  Facsimile:    (925) 938-5567

6  Attorneys for Plaintiff
   SHERI GARAY
7

8  **RIMAC MARTIN, P.C.**
   **ANNA M. MARTIN** - CSBN 154279
   **KEVIN G. GILL** - CSBN 226819
9  *amartin@rimacmartin.com*
   *kgill@rimacmartin.com*
10 1051 Divisadero Street
   San Francisco, California 94115
11 Telephone    (415) 561-8440
   Facsimile    (415) 561-8430
12

13 Attorneys for Defendant
   UNUM LIFE INSURANCE COMPANY OF AMERICA

14

15                    **UNITED STATES DISTRICT COURT**

16              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17

18                                                          *E-FILING*

19 SHERI GARAY,                          )
                                         )  CASE NO.  **3:08-cv-01059 SBA**
20                                       )
              Plaintiff,                 )  **JOINT STATUS REPORT/CASE**
21                                       )  **MANAGEMENT CONFERENCE**
      vs.                                )  **STATEMENT**
22                                       )
   UNUM LIFE INSURANCE COMPANY OF        )  Date   May 28, 2008
23 AMERICA, and DOES 1-10,               )  Time:  2:45 p.m.
                                         )  Ctrm:  (Telephonic)
24            Defendants.                )
   _____)  The Honorable Saundra Brown Armstrong
25

26        Pursuant to the Court's Order of February 21, 2008 which requires the parties to file a

27 Joint Case Management Conference Statement by May 20, 2008,  the parties hereby submit the

28 following:

                                        **-1-**

1  **1.    Jurisdiction and Service**

2        Defendant, in its Notice of Removal, asserted ERISA preemption and diversity of

3  citizenship as two grounds for federal jurisdiction. On March 21, 2008, Plaintiff filed a notice of

4  non-objection to the jurisdiction of the Federal Courts pursuant to the diversity of citizenship of

5  the parties and notified the Court and Defendant that Plaintiff does not agree to the Court having

6  subject matter jurisdiction as Plaintiff asserts that this case is not preempted by ERISA.

7        All parties have been served.

8  **2.    Facts**

9        Plaintiff is currently receiving long-term disability benefits from Unum, however Plaintiff

10  alleges that she was wrongfully denied disability benefits for a closed period, from June 10, 2002

11  through March 2004, and further disputes the manner in which the amount of her disability

12  benefits were and are currently calculated.

13        Plaintiff asserts causes of action for breach of contract, declaratory relief, and breach of

14  the implied covenant of good faith and fair dealing against the Defendant insurance company and

15  maintains that ERISA does not preempt her state law causes of action against the Defendant.

16  This litigation surrounds the long-term disability benefits insurance policy issued to Plaintiff

17  Sheri Garay in her capacity as a sole proprietor of two Site for Sore Eyes stores in California.

18        Defendant Unum Life Insurance Company of America, by its Answer, denies each of

19  Plaintiffs' allegations and asserts ERISA preemption to Plaintiff's state law claims.

20  **3.    Legal Issues**

21        Unum contends that ERISA governs this action as the plan covered one or more

22  employees in addition to than the business owner. *Raymond B. Yates, M.D., P.C. Profit Sharing*

23  *Plan v. Hendon,* 541 U.S. 1, 6 (2004).

24        Unum further contends that plaintiff's state law causes of action are preempted by

25  ERISA. *Cleghorn v. Blue Shield of California,* 408 F.3d 1222, 1225  (9th Cir. 2005) (*quoting* 29

26  U.S.C. §§ 1144(a), (b)(2)(A)).

27  / / /

28  / / /

1    Unum further contends that ERISA does not provide for a trial by jury.  *Ingram v. Martin*

2    *Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE*

3    *Operations*, 244 F.3d 1109, 1114 (9th Cir. 2001).

4    Unum further contends that plaintiff's claims are barred by the applicable statute of

5    limitations, including but not limited to, California Code of Civil Procedure, Sections 340(3),

6    340(1), 339 subd. 1, 338(b)(c) & (d) and 343

7    Plaintiff contends that a separate, independent plan issued to her as opposed to her

8    employees. *See Laventure v. Prudential Co. of America*, 237 F.3d 1042 (9th Cir. 2001) *; Slamen*

9    *v. Paul Revere Life Ins. Co.,* 166 F.3d 1102 (11th Cir. 1999); *Kemp v. Int'l Bus. Mach. Corp.,*

10   109 F.3d 708 (11th Cir. 1997).  Plaintiff alternatively contends ERISA does not preempt the plan

11   due to ERISA's safe harbor provisions. 29 C.F.R. sec. 2510.3-1(j). Plaintiff further contends that

12   Defendant waived ERISA preemption by omitting any reference to ERISA in the plan language

13   Plaintiff further contends that ERISA will not preempt the contemplated amendment of her

14   Complaint to include a cause of action for fraud wherein  Unum issued fraudulent tax documents

15   to her. *See Dishman v. Unum Life Ins. Co. of America*, 269 F.3d 974 (9th Cir. 2001).

16   **4.    Motions**

17   Unum will file a motion for partial summary judgment addressing the issue of whether

18   ERISA governs this action.  If that motion is successful, then the case may be decided on cross-

19   motions for summary judgment.

20   **5.    Amendment of Pleadings**

21   Plaintiff may seek to amend her Complaint to allege that Defendant engaged in fraud and

22   further breached the implied covenant of good faith and fair dealing by issuing her a 1099 for the

23   year of 2007 which indicated Plaintiff was paid over $200,000 by Defendant in 2007 when

24   Defendant did not pay Plaintiff anywhere near that amount of money in 2007.

25   Unum will address this issue if Plaintiff moves to amend her complaint.

26   **6.    Evidence Preservation**

27   The parties agree, during pendency of the litigation, to preserve all documents relevant to

28   the subject matter of litigation, including, electronic databases, internal and external e-mail

**-3-**

systems, and hard copy documents.  The parties affirm that appropriate steps have been taken to help ensure the preservation of potentially discoverable materials.

**7.     Disclosures**

Initial disclosures pursuant to Rule 26(f) will be made by both parties by May 20, 2008 as required by the Court's Case Management Scheduling Order.

**8.     Discovery**

*1.     Subjects on which discovery may be needed:*

Plaintiff seeks discovery of Defendants' claims handling manuals and any other policies, memorandums or other internal communications regarding determining partial versus total disability, calculating the loss of income of disabled sole proprietors, calculating the basic monthly earnings of sole proprietors, and misrepresenting policy language or the effect of State law to claimants.

If the case is preempted by ERISA, as posited by Defendant, then discovery may or may not be appropriate depending on whether an abuse of discretion or *de novo* standard of review applies to the case.

*2.     Changes in the limitation on discovery imposed under federal or local rules:*

Defendant will seek to limit Plaintiff's right to discovery by asserting ERISA preemption and an abuse of discretion standard which limits discovery to the administrative record.

**9.     Class Action**

This case is not a class action.

**10.     Related Cases**

There are no related cases.

**11.     Relief**

Plaintiff seeks compensatory relief, including pre-judgment interest, 1) for monthly disability benefits from June 10, 2002 through March 2004; 2) for compensation in the amount of the difference between the lower monthly benefit amount determined by Defendant and the higher monthly benefit amount actually owed to Plaintiff from March 2002 through the present and continuing in the future; and 3) for taxes wrongfully withheld from Plaintiff's benefits.

1    Plaintiff further seeks incidental damages, general damages, attorneys fees and costs of suit, and

2    punitive damages.

3    **12.    Settlement and ADR**

4         Plaintiff and Defendants submitted a Notice of Need for ADR Phone Conference on May

5    8, 2008 and request a settlement conference before Magistrate Judge Spero.

6    **13.    Consent To Magistrate Judge For All Purposes**

7         The parties do not consent to a Magistrate Judge for all purposes.

8    **14.    Other References**

9         This case is not suitable for reference to binding arbitration, a special master, or the

10   Judicial Panel on Multidistrict Litigation.

11   **15.    Narrowing of Issues**

12        Unum will file a motion for partial summary judgment.  This motion may narrow the

13   issues substantially.  Plaintiff disagrees that this matter is governed by ERISA.

14   **16.    Expedited Schedule**

15        If this case is found to be governed by ERISA, then this case will likely be substantially

16   streamlined.  Plaintiff disagrees that this matter is governed by ERISA.

17   **17.    Scheduling**

18        ***a.      Expert witness disclosures:***

19             March, 2009

20        ***b.      Discovery Cut-off***:

21             February, 2009

22        ***c.      Hearing of dispositive motion***s

23             March, 2009

24        ***d.      Pretrial Conference***

25             June, 2009

26        ***e.      Trial***

27             August, 2009

28   / / /

18. __Trial__

Plaintiff has demanded a trial by jury.  A jury trial of this case will likely last 7 court days.

If the Court determines that this matter is governed by ERISA, this case will not be tried to a jury and the trial likely consist of the trial briefs supplemented with the argument of counsel. The ERISA trial will last less than one half day.

19. __Disclosure of Non-party Interested Entities or Persons__

Plaintiff filed a certificate on May 16, 2008 indicating that there are no other interested parties. Plaintiff proceeds as an individual.

Defendant has filed a Certificate and an Amended Certificate stating the following:

> The undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:
>
> 1.  Sheri Garay, plaintiff.
>
> 2.  Unum Life Insurance Company of America.
>
> 3.  Unum Group, the parent corporation of Unum Life Insurance Company of America.

20. __Such Other Matter as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter__

The parties have nothing further to raise in this regard.

LAW OFFICES OF JOHN F. MARTIN
A Professional Corporation

DATED:  May 20, 2008                    By:    /s/ CHRISTINE HOPKINS
                                               CHRISTINE HOPKINS, ESQ.
                                               Counsel for Plaintiff SHERI GARAY


RIMAC & MARTIN, P.C.

DATED:  May 20, 2008                    By:    /s/ ANNA M. MARTIN
                                               ANNA M. MARTIN, ESQ.
                                               Counsel for Defendant UNUM LIFE
                                               INSURANCE COMPANY OF AMERICA