1  JOHN F. MARTIN, ESQ. (SBN 52618)
   CHRISTINE HOPKINS, ESQ. (SBN 240248)
2  LAW OFFICES OF JOHN F. MARTIN
   A Professional Corporation
3  3100 Oak Road, Suite 230
   Post Office Box 5331
4  Walnut Creek, CA 94596
   Telephone: (925) 937-5433
5  Facsimile: (925) 938-5567

6  Attorneys for Plaintiff
   SHERI GARAY

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI GARAY | Case No. 4:08-cv-01059-SBA |
| Plaintiff, | |
| v. | **OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| UNUM LIFE INSURANCE COMPANY OF AMERICA; DOES 1-10 | Date: July 22, 2008<br>Time: 1:00 p.m.<br>Crtrm: 3 |
| Defendants. | **Honorable Saundra Brown Armstrong** |

## TABLE OF CONTENTS

1. INTRODUCTION ............................................................................................................. 1

2. STATEMENT OF FACTS ............................................................................................... 1

3. ARGUMENT .................................................................................................................... 2

   A. GARAY IS ENTITLED TO A RULE 56(F) ORDER ALLOWING HER TO CONDUCT LIMITED DISCOVERY AS TO THE ISSUE OF ERISA PREEMPTION ............................................ 2

   B. GARAY'S LONG TERM DISABILITY BENEFITS POLICY IS NOT GOVERNED BY ERISA IF GARAY ESTABLISHES THROUGH DISCOVERY THAT HER PLAN WAS SEPARATE FROM THAT OF HER EMPLOYEES ............................................................................ 3

   C. GARAY'S LONG TERM DISABILITY BENEFITS POLICY IS NOT GOVERNED BY ERISA BECAUSE SHE DID NOT "ESTABLISH" NOR "MAINTAIN" THE PLAN ............... 4

   D. GARAY'S LONG TERM DISABILITY BENEFITS POLICY IS NOT GOVERNED BY ERISA UNDER THE SAFE HARBOR PROVISIONS ........................................................ 5

   E. UNUM CANNOT PREVAIL ON ITS MOTION TO PREEMPT GARAY'S STATE LAW CLAIMS DUE TO PRINCIPLE OF WAIVER AND ESTOPPEL ........................................ 6

   F. HOLDING THAT GARAY'S PLAN IS NOT COVERED BY ERISA CREATES NO CONFLICT AS THERE NO LONGER IS A SITE FOR SORE EYES, AND THEREFORE NO LONGER ANY COVERED EMPLOYEES UNDER THE PLAN NOR A PLAN ADMINISTRATOR ......................... 7

IV. CONCLUSION .............................................................................................................. 7

# TABLE OF AUTHORITIES

## CASES

*Hangarter v. Provident Life And Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004).................................................7

*Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708 (11th Cir. 1997).........................................................................3

*Laventure v. Prudential Co. of America*, 237 F.3d 1042 (9th Cir. 2001)..........................................................3, 4

*Saks v. Franklin Cover Co.*, 316 F.3d 337 (2nd Cir. 2003)..................................................................................6

*Slamen v. Paul Revere Life Ins. Co.*, 166 F.3d 1102 (11th Cir. 1999)................................................................3

*Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145 (9th Cir. 2000)...........................................................5

*Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872 (9th Cir. 2001)..........................................................4, 7

*In re Watson*, 161 F.3d 593 (9th Cir. 1998)..........................................................................................................3

*Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d. 1118 (9th Cir. 1998)..............................................................4, 6

## STATUTES

29 C.F.R. sec. 2510.3-1(j)......................................................................................................................................5

Federal Rule of Civil Procedure 56(f)..........................................................................................................1, 2, 7

## I. INTRODUCTION

In filing her complaint against Unum in State Court, Plaintiff Sheri A. Garay sought compensatory relief, including pre-judgment interest, 1) for monthly disability benefits from June 10, 2002 through March 2004; 2) for compensation in the amount of the difference between the lower monthly benefit amount determined by Defendant and the higher monthly benefit amount actually owed to Plaintiff from March 2002 through the present and continuing in the future; and 3) for taxes wrongfully withheld from Plaintiff's benefits. Plaintiff further sought incidental damages, general damages, attorneys fees and costs of suit, and punitive damages.

Unum brought this Motion for Partial Summary Judgment, asking the Court to hold that ERISA preempts Plaintiff's state law claims only thirteen days after serving its initial disclosures on Plaintiff, which consisted of a 2,465 page claims file. (Hopkins Decl. ¶ 1). Unum's initial disclosures did not contain the documents Unum attached to the Declaration of Anne Stein in Support of its Motion for Partial Summary Judgment as Exhibits E through PP. Plaintiff hereby submits an affidavit pursuant to Rule 56(f) and requests that the Court grant limited discovery on the issue of ERISA preemption prior to ruling on Unum's Motion for Partial Summary Judgment. (Hopkins Decl. ¶ 2). Despite the fact that the legislature and the Federal courts characterize ERISA as protective of employee's rights, Plaintiff will lose significant rights to general and punitive damages if the Court holds that ERISA preempts her state law claims at this early stage in the litigation.

## II. STATEMENT OF FACTS

Plaintiff Sheri A. Garay was the sole proprietor of Site for Sore Eyes in Berkeley and Antioch California from 1989 through January of 2004. In October of 1995, Ms. Garay contacted an insurance broker named Leon Brilliant, seeking an individual insurance policy. (Garay Decl. ¶ 7). Mr. Brilliant convinced Ms. Garay to enroll in Unum's group long-term disability benefits policy. (Garay Decl. ¶ 7). The policy did not state that it was an ERISA plan nor governed by ERISA. (Stein Decl. ¶ 4, Ex. A). Ms. Garay received Unum's insurance summary plan booklets after she enrolled in the plan and noted that her booklet differed from that of her employees. (Garay Decl. ¶ 8). Ms. Garay

understood that her policy was distinct from that of her employees. (Garay Decl. ¶¶ 8, 9). Ms. Garay thereafter received a ride from Unum for her policy, addressed to "Sheri A. Garay," confirming the distinct nature of her policy. (Garay Decl. ¶ 9, Ex. 1). Throughout her ownership of Site for Sore Eyes, Ms. Garay acted as a mere conduit between her employees and Unum, submitting her employees' enrollment forms to Unum and submitting her premiums as well as her employees' premiums to the company. (Garay Decl. ¶¶ 3, 4, 5, 7).

In 2001, Ms. Garay began to struggle with severe symptoms of degenerative spine disease and eventually applied for long-term disability benefits in June of 2002. (Stein Decl. ¶ 48, Ex. QQ). The 2,465 page claims file produced by Unum in connection with this litigation evidences the bureaucratic morass which Ms. Garay thereafter struggled to navigate as Unum paid benefits, then denied benefits and charged overpayments, then approved benefits again, then reduced the amount of the monthly benefits due and again charged overpayment, erroneously withheld taxes from benefits due and only partially corrected its error even after numerous requests, informed her that the California Settlement Agreement applied to her policy, and then changed its mind, and created an incomprehensible chaos out of what should have been a simply application for and approval of disability benefits. Devastated by her disability, Ms. Garay sold her business in January of 2004, and, at that time, all of the employees of Site for Sore Eyes were terminated. (Garay Decl. ¶ 2; Stein Decl.¶ 49, Ex. RR) Thus, after January of 2004, Ms. Garay was the only individual whose coverage continued under the policy issued to Site for Sore Eyes in 1995.

### III. ARGUMENT

**A. GARAY IS ENTITLED TO A RULE 56(F) ORDER ALLOWING HER TO CONDUCT LIMITED DISCOVERY AS TO THE ISSUE OF ERISA PREEMPTION**

Federal Rule of Civil Procedure 56(f) provides that "if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." The declaration of

Plaintiff's counsel, Christine Hopkins, puts forth specific reasons why discovery is needed in order for Plaintiff to put forth all the facts essential to justify its opposition. These reasons include counsel's good faith belief that Unum's initial disclosures did not include critical documents relevant to the ERISA preemption issue, including documents and riders addressed to Sheri A. Garay as opposed to Site for Sore Eyes, summary plan documents mailed to Site for Sore Eyes in 1995 and thereafter, and documents in the possession of Unum and/or New Age Optical (the purchaser of Site for Sore Eyes) evidencing the terms of any new policy and any letters documenting the cancellation and/or transfer of Site for Sore Eye's policy at the time the business was sold and, in the alternative, whether New Age Optical's policy falls under ERISA's safe harbor provisions. If Plaintiff's group policy was cancelled after her business closed, then this might equate with conversion. Because Unum only provided premium billing statements through December of 2003, Plaintiff cannot determine if after the sale of her business, the premiums for her coverage changed in a manner consistent with cancellation of the Site for Sore Eyes policy and conversion. (Stein Decl. Exs. E through PP).

**B.     GARAY'S LONG TERM DISABILITY BENEFITS POLICY IS NOT GOVERNED BY ERISA IF GARAY ESTABLISHES THROUGH DISCOVERY THAT HER PLAN WAS SEPARATE FROM THAT OF HER EMPLOYEES**

Plaintiff contends that a separate, independent plan issued to her as opposed to her employees. If Plaintiff can establish this contention through discovery, she will prevail in her opposition to Unum's Motion for Partial Summary Judgment because she will prove her policy was not governed by ERISA.  See *Laventure v. Prudential Co. of America*, 237 F.3d 1042 (9th Cir. 2001) ; *In re Watson*, 161 F.3d 593, 595 (9th Cir. 1998); *Slamen v. Paul Revere Life Ins. Co.*, 166 F.3d 1102 (11th Cir. 1999); *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708 (11th Cir. 1997). Plaintiff's counsel, Christine Hopkins, has submitted the affidavit required under Rule 56(f) stating that it is necessary "to request

from Unum all policies and riders referring to Sheri A. Garay and any and all booklets and or letters prepared for the employees of Site for Sore Eyes and any and all booklets prepared for Sheri A. Garay to determine if the documents support a legal claim pursuant to *Laventure v. Prudential Co. of America*, 237 F.3d 1042 (9th Cir. 2001)." (Hopkins Decl. ¶ 6). Plaintiff in good faith believes she held a separate policy based on the difference in the booklets issued to her as opposed to her employees. (Garay Decl.¶ 8, 9 and Ex. 1). Plaintiff also notes that early letters sent to her by Unum referenced her policy number as " 0108121 - 0001." (Garay Decl. ¶¶ 10, 11, Exs. 2, 3). Later letters drop the "-0001" from the policy number. This raises a question as to whether the employees of Site for Sore Eyes had a different policy numbered 0108121 - 0002 or some different number. Additionally, Plaintiff is possession of a rider addressed to "Sheri A. Garay" which was not produced by Unum in its initial disclosures along with Plaintiff's claims file. (Garay Decl. ¶ 9, Ex.1). This raises the question as to whether other plan documents, riders, booklets, letters, or other documentary evidence exists which applies to Plaintiff's policy and not the policy of her employees. This rider also raises the question as to whether Plaintiff's coverage under the group was converted to an individual plan in 1998. *Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872, 873-4 (9th Cir. 2001)(holding individual policy not covered by ERISA when converted from group policy).

**C. GARAY'S LONG TERM DISABILITY BENEFITS POLICY IS NOT GOVERNED BY ERISA BECAUSE SHE DID NOT "ESTABLISH" NOR "MAINTAIN" THE PLAN**

Unum argues that Sheri Garay "established" the group long-term disability benefits plan for her the employees. However, Sheri Garay attests that when she approached an insurance broker in 1995 to purchase the policy, she specifically sought an individual policy but was convinced to buy a group policy. (Garay Decl. ¶ 7). The policy in question nowhere references ERISA, thus evidencing that neither Sheri Garay nor Unum intended the policy to be covered by ERISA. *Zavora v. Paul Revere*

*Life Ins. Co.*, 145 F.3d. 1118, 1121 (9th Cir. 1998). An employer does not establish a plan merely by acting as a conduit for paperwork and premiums to the insurance company: Sheri Garay had no control nor input into the language of the policy, did not endorse the policy, and did not more than act as a conduit. (Garay Decl. ¶¶ 3, 4, 5, 7).

### D. GARAY'S LONG TERM DISABILITY BENEFITS POLICY IS NOT GOVERNED BY ERISA UNDER THE SAFE HARBOR PROVISIONS

Plaintiff alternatively contends ERISA does not preempt the plan due to ERISA's safe harbor provisions. 29 C.F.R. sec. 2510.3-1(j). If the employer satisfies four conditions, the safe harbor provisions apply and Plaintiff's state law claims are not governed by ERISA. Those conditions are:

"(1) No contributions are made by an employer or employee organization;

(2) Participation the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs." (29 C.F.R. sec. 2510.3-1(j)(1)-(4)).

The Failure of an employer to meet the safe harbor conditions, on the other hand, does not conclusively establish whether or not the plan is governed by ERISA and traditional tests apply. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, fn 10 (9th Cir. 2000). Here, Plaintiff presents evidence she meets three out of the four safe harbor provisions. She did not require her employees to

enroll in the plan (as evidenced by the opt out forms in Exhibits E through PP of the Declaration of Anna Stein and Garay Decl. ¶ 4), she did not endorse or promote the plan (Garay Decl. ¶ 3 ), and she did no more than mail Unum enrollment forms and premiums (Garay Decl. ¶ 5).

The first safe harbor provision as applied to this case presents a novel question. Plaintiff deducted from her employees' paychecks the premiums for the life insurance benefits under the same policy number as the disability benefits policy. Plaintiff no longer has access to her payroll records, but in good faith states in her declaration that she believes she did not deduct the premiums for the disability benefits policy from her employee's paychecks due to the terms of the policy. This evidence demonstrates that Plaintiff, a small business owner, did not want to pay for her employee's premiums - and did not do so for the life insurance benefits - but only did so for the disability benefits because it was a term of the disability benefits policy required by Unum, a sophisticated corporation. Like the finding in *Zavora* regarding the third element of the safe harbor provision, unique circumstances such as these show that there was no establishment of an ERISA disability benefits plan by Sheri Garay under the totality of the circumstances from the point of view of a reasonable person. *Zavora v. Paul Revere Life Ins. Co.*,145 F.3d. 1118, 1120 (9th Cir. 1998).

### E. UNUM CANNOT PREVAIL ON ITS MOTION TO PREEMPT GARAY'S STATE LAW CLAIMS DUE TO PRINCIPLE OF WAIVER AND ESTOPPEL

A defendant waives ERISA preemption as a defense to litigation if not timely raised. *Saks v. Franklin Cover Co.,* 316 F.3d 337, 349 (2nd Cir. 2003)(ERISA preemption is waived if not timely raised). As evidenced by Exhibits 2 through 22 to Plaintiff's declaration, Unum failed to advise Plaintiff of her ERISA rights throughout four plus years of handling her disability claim. (Garay Decl. ¶¶ 10-22). This evidences Unum's bad faith and waiver of its defense of ERISA preemption because Unum did not assert ERISA during the administrative remedies Plaintiff pursued. *Hangarter*

*v. Provident Life And Acc. Ins. Co.*, 373 F.3d 998, 1010-1011, fn7 (9th Cir. 2004)(failure to inform a beneficiary fully about her rights under a policy generally falls below industry customs and norms).

### F. HOLDING THAT GARAY'S PLAN IS NOT COVERED BY ERISA CREATES NO CONFLICT AS THERE NO LONGER IS A SITE FOR SORE EYES, AND THEREFORE NO LONGER ANY COVERED EMPLOYEES UNDER THE PLAN NOR A PLAN ADMINISTRATOR

Site for Sore Eyes ceased operations in 2004 and all of its employees were terminated pursuant to a new business opening up in its stead. (Stein Decl. Ex. RR). Thus, holding that Sheri Garay's plan is not governed by ERISA is logical as there no longer is any covered employees under the Site for Sore Eyes plan, nor any plan administrator for the Site for Sore Eyes Plan. *Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872, 876 (9th Cir. 2001).

## IV. CONCLUSION

The Court should hold that ERISA does not preempt Sheri Garay's policy for disability benefits. Should the Court find that there is a question as to whether ERISA governs the plan, then this Court should grant Plaintiff Sheri Garay the opportunity to conduct discovery pursuant to Rule 56(f) due to the incomplete nature of Unum's initial disclosures and the possibility that Plaintiff will obtain additional evidence to support her arguments made herein. Lastly, if the Court grants Unum's motion, Plaintiff should be granted leave to amend her complaint to plead ERISA causes of action, including breach of fiduciary duty which mirrors her complaint for bad faith against Unum in her state law complaint.

DATED:   June 27, 2008            LAW OFFICES OF JOHN F. MARTIN
                                  A Professional Corporation

                                  By: _____/s/_____

                                  CHRISTINE HOPKINS, ESQ.
                                  Attorney for Plaintiff Sheri Garay