JOHN F. MARTIN, ESQ. (SBN 52618)
CHRISTINE HOPKINS, ESQ. (SBN 240248)
LAW OFFICES OF JOHN F. MARTIN
A Professional Corporation
3100 Oak Road, Suite 230
Post Office Box 5331
Walnut Creek, CA 94596
Telephone: (925) 937-5433
Facsimile: (925) 938-5567

Attorneys for Plaintiff
SHERI GARAY

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHERI GARAY,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA; DOES 1-10

    Defendants.

Case No. 4:08-cv-01059-SBA

**DECLARATION OF CHRISTINE HOPKINS IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Date: July 22, 2008
Time: 1:00 p.m.
Crtrm: 3

**Honorable Saundra Brown Armstrong**

I, Christine Hopkins, declare under penalty of perjury of the laws of the United States of American that the following is true and correct:

1) On June 4, 2008, our office received Unum's initial disclosures which consisted of 2,464 pages of Plaintiff Sheri A. Garay's claims file.

2) On June 24, 2008, I scanned through each and every page of the 2,464 pages worth of initial disclosures served to Plaintiff by Unum. The rider addressed to "Sheri A. Garay" which is attached as Exhibit 1 to the declaration of Sheri A. Garay did not appear in the initial disclosures, which I understood to be Unum's entire claims file with the exception of a few documents withheld based on

attorney-client privilege. The initial disclosures also did not include the premium invoices, copies of checks, or employee opt-out forms included as Exhibits E through PP.

3) On June 23, 2008, I talked by telephone with Rebih Kantar, the current owner of New Age Optical. I requested a copy of his policy with Unum for disability benefits so that I could compare it with the policy of Site for Sore Eyes. I also requested any letters sent to him by Unum about cancelling Site for Sore Eyes' coverage and/or transferring the policy to New Age Optical. Mr. Kantar informed me it would take him a while to find the documents and that he was leaving on vacation as of Wednesday June 25, 2008 and would not be able to get me the documents by the time he left. I will be out of state as of June 28, 2008 on a pre-planned vacation lasting until July 8, 2008. I was not able to obtain a copy of New Age Optical's policy from Mr. Kantar prior to leaving on my vacation and therefore did not have the benefit of reviewing those documents prior to finalizing this Opposition to Defendants' Motion for Partial Summary Judgment.

4) I have a good faith belief that further discovery is required to determine key facts relevant to the determination of whether ERISA governs my client's claims against Unum.

5) I specifically need to review the policy for New Age Optical and any and all documents relating to the cancellation of Site for Sore Eye's coverage and any and all documents relating to the cancellation of coverage of the employees of Site for Sore Eyes in order to determine if these documents support a legal claim for de facto conversation of any group policy for Site to Sore Eyes to an individual policy after the sale of the business. In the alternative, if it is the case that Unum argues the same policy now covers New Age Optical and its employees, I need to find out from New Age Optical whether its practices qualify its policy for the safe harbor from ERISA.

6) I specifically need to request from Unum all policies and riders referring to Sheri A. Garay

and any and all booklets and or letters prepared for the employees of Site for Sore Eyes and any and all booklets prepared for Sheri A. Garay to determine if the documents support a legal claim pursuant to *Laventure v. Prudential Co. of America*, 237 F.3d 1042 (9th Cir. 2001) that my client had a policy separate and apart from her employees, as she in good faith believes (Garay Decl.¶ 9 ). When reviewing the claims file, I noticed that early on Unum referred to Sheri A Garay's policy number as 0108121 - 0001, leading me to believe that her employees may have had a different policy numbered 0108121 - 0002 or some different number. As stated in Paragraph 5, when I reviewed the claims file, I did not see the document attached as Exhibit 1 to my client's declaration - a rider addressed to "Sheri A. Garay" - and therefore am concerned that Unum's initial disclosures are a not full and complete production of all documents Unum possesses about my client's policy.

Executed on June 27 2008 in Walnut Creek, CA.

BY: _____/s/_____
CHRISTINE HOPKINS