**RIMAC MARTIN, P.C.**
ANNA M. MARTIN - CSBN 154279
KEVIN G. GILL - CSBN 226819
*amartin@rimacmartin.com*
*kgill@rimacmartin.com*
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY
OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## *E-FILING*

| | |
|---|---|
| SHERI GARAY, | ) |
| | ) CASE NO. **3:08-cv-01059 SBA** |
| Plaintiff, | ) |
| | ) **REPLY IN SUPPORT OF** |
| vs. | ) **DEFENDANT'S MOTION FOR** |
| | ) **PARTIAL SUMMARY JUDGMENT ON** |
| | ) **THE APPLICABILITY OF THE** |
| UNUM LIFE INSURANCE COMPANY OF | ) **EMPLOYEE RETIREMENT INCOME** |
| AMERICA, and DOES 1-10, | ) **SECURITY ACT (ERISA)** |
| | ) |
| Defendants. | ) Date    July 22, 2008 |
| | ) Time:  1:00 p.m. |
| | ) Ctrm:  3 |
| | ) |
| | ) The Honorable Saundra Brown Armstrong |
| —————————————————— | ) |

1

## TABLE OF CONTENTS

2  I.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3  II.  PLAINTIFF'S POINTS IN OPPOSITION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  III.  ARGUMENT IN REPLY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5        A.    GARAY'S NONDISCLOSURE CLAIM IS BELIED BY THE FACTS,

6              AND HER DEMAND FOR DISCOVERY IS WITHOUT MERIT. . . . . . . . . . . 2

7              1.    Garay's Nondisclosure Claim is Untrue. . . . . . . . . . . . . . . . . . . . . . . . 3

8              2.    Given That Garay's Nondisclosure Claim Is Unfounded, the

9                    Only Information Garay Has to Support a Claim for Additional

10                   Discovery Is a Single Document Showing Her Name Instead of

11                   Her Company's Name, and Statements Identifying Her Billing

12                   Division (-001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

13       B.    GARAY OFFERS NO EVIDENCE AT ALL TO SUPPORT HER

14             CONTENTION THAT SHE WAS COVERED BY A SEPARATE,

15             INDEPENDENT PLAN. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16       C.    GARAY'S CLAIMS SHE NEITHER ESTABLISHED NOR

17             MAINTAINED THE PLAN ARE EQUALLY SPECIOUS. . . . . . . . . . . . . . . . 7

18       D.    GARAY'S WAIVER/ESTOPPEL ARGUMENT IS WITHOUT MERIT. . . . . . 10

19       E.    GARAY'S CLAIM THAT NO ONE ELSE WOULD BE HARMED

20             IF THE COURT WERE TO FIND THE PLAN OUTSIDE ERISA

21             IS SPECIOUS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

22  IV.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

23

24

25

26

27

28

**REPLY IN SUPPORT OF DEFENDANT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**          CASE NO.  3:08-cv-01059 SBA

1

## **TABLE OF AUTHORITIES**

2

### **Cases**

3

*British Airways Bd. v. Boeing Co.*, 585 F.2d 946 (9th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . 3

4

*Contemporary Mission, Inc. v. U. S. Postal Service*, 648 F.2d 97 (2d Cir. 1981). . . . . . . . . . . . . 3

5

*Cote v. Durham Life Ins. Co.*, 754 F.Supp. 18 (D. Conn. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 9

6

*Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004). . . . . . . . . . . . . . 10

7

*The Meadows v. Employers Health Ins. Co.*, 826 F.Supp. 1225 (D. Ariz. 1993). . . . . . . . . . . . . 9

8

*Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341 (9th Cir. 1978). . . . . . . . . . . . . . . . . . . . 3

9

*Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . 6

10

*Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon,* 541 U.S. 1 (2004). . . . . . . . . . . . 6

11

*Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . 11

12

*Zavora v. Paul Revere Life Ins. Co.*,145 F.3d 1118 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . 7, 8

13

### **Statutes and Codes**

14

29 U.S.C. § 1002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15

California Insurance Code § 33. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16

California Insurance Code § 1623. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

17

Federal Rules of Civil Procedure, Rule 26. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18

Federal Rules of Civil Procedure, Rule 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

19

### **Treatises and Secondary Sources**

20

D. Bacon et al., *Employee Benefits Guide* (Matthew Bender & Co. 1994). . . . . . . . . . . . . . . . . . 9

21

22

23

24

25

26

27

28

1

## I.  INTRODUCTION

2    Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum") requests that

3  its motion for partial summary judgment on the applicability of the Employee Retirement Income

4  Security Act (ERISA) be granted.  Plaintiff SHERI GARAY  ("Garay") opposes partial summary

5  judgment on several baseless assertions, including a request for discovery based upon a

6  misrepresentation of Unum's Rule 26(f) disclosures, a wholly unsupported contention that Garay's

7  plan was somehow separate from that of her employees (even though Garay admittedly only applied

8  for one group insurance policy, only one policy was issued, and Garay and her employees were all

9  billed together), and equally meritless contentions that Garay did not establish or maintain a plan,

10  or that her claim should somehow fall under the ERISA safe harbor provision even though it

11  admittedly does not meet the test for that provision.

12    Unum is not currently seeking summary judgment over the entire dispute, but merely partial

13  summary judgment as to the applicability of ERISA.  Garay has not come forward with any law or

14  evidence that would suggest she sought or obtained more than one  policy, or that any of her other

15  contentions have any basis in fact, and Unum respectfully requests that the Court affirm that ERISA

16  governs the Plan issued to "Sheri Garay, dba Site For Sore Eyes," and thus this dispute.

17

## II.  PLAINTIFF'S POINTS IN OPPOSITION

18    Garay offers six alleged points in opposition: (1) Garay would like to conduct discovery on

19  the issue of ERISA preemption, even though all relevant documents have been produced; (2) Garay

20  contends her plan was somehow separate from that of her employees (confusing the differentiation

21  of plan participants with the fact that there is only a single Plan); (3) Garay did not herself establish

22  or maintain the plan because she hired someone to do that for her company; (4) the ERISA safe

23  harbor provisions should apply even though Garay does not meet the safe harbor requirements; (5)

24  Unum has somehow waived ERISA preemption of Garay's state law claims; and (6) it would be no

25  problem if the Court did decide Garay's group disability insurance plan was not covered by ERISA,

26  because the plan has expired.  None of these arguments find any support in the facts or the applicable

27  law.

28  / / /

### III.  ARGUMENT IN REPLY

On October 2, 1995, plaintiff Garay, doing business as Site For Sore Eyes, executed a single *Application for Participation in the Select Group Insurance Trust* offered by Unum.  (Decl. of Anna Stein Supp. MPSJ, Exh. A, UACL1206).  By executing that single Application, Garay made clear she was seeking "Group Long Term Disability Benefits" coverage for her business's  eligible employees, including herself as a working owner, and that she, as owner/employer, would be paying the cost of insurance.  (*Id.*, at UACL01201, 1206).  Garay identified four employees that would be covered under the Plan she sought to obtain and included herself in that list.  There is no mistaking that Garay was seeking a single Group Long Term Disability Benefits Plan to cover the eligible employees of her business, including herself.

Unum then issued a single Group Long Term Disability Plan, with group identification number 108121.  (Suppl. Decl. Anna Stein., at ¶¶ 4, 5, 6.)

Garay contends Unum's initial disclosures did not contain the billing documents Unum attached to its Motion for Partial Summary Judgment, and that this somehow suggests Garay might have had some separate coverage she never applied for and offers no evidence of.  Garay is mistaken on both counts.  Garay alternatively contends that, even though she signed the Application and obtained the Plan with Group Identification Number 108121, and even though she received the bills and arranged for payment of premiums, she neither established or maintained the Plan.  This is a specious argument.  Lastly, Garay argues safe harbor, waiver or estoppel, and suggests that it wouldn't harm any other Plan participant if the Court were to disregard the applicable law and facts and somehow find the Plan not governed by ERISA, because the Plan has expired.

Garay offers no real argument as to why ERISA does not or should not apply, and Unum is entitled to partial summary judgment on the applicability of ERISA.

### A.    GARAY'S NONDISCLOSURE CLAIM IS BELIED BY THE FACTS, AND HER DEMAND FOR DISCOVERY IS WITHOUT MERIT.

Garay claims she should be allowed to conduct discovery before the Court determines whether ERISA controls, because her counsel believes "Unum's initial disclosures did not include critical documents relevant to the ERISA preemption issue, including documents and riders

**-2-**

1  addressed to Sheri A. Garay as opposed to Site for Sore Eyes, summary plan documents mailed to

2  Site for Sore Eyes in 1995 and therafter, and documents in the possession of Unum and/or New Age

3  Optical (the purchaser of Site for Sore Eyes) evidencing the terms of any new policy and any letters

4  documenting the cancellation and/or transfer" of the Plan to New Age Optical.  (Opp., at 3) Garay

5  contends she should be allowed to conduct discovery because she cannot currently provide any facts

6  essential to justify her opposition.  (Opp. at 2 (citing FRCP 56).)

7      A bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the

8  defendant is insufficient to justify a denial of a motion for summary judgment.   *Contemporary*

9  *Mission, Inc. v. U. S. Postal Service,* 648 F.2d 97, (2d Cir. 1981); *see Neely v. St. Paul Fire &*

10  *Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1978).

11      Rather, to delay consideration of summary judgment (or partial summary judgment) under

12  FRCP 56(f), a plaintiff must submit an affidavit which creates or supports a genuine and convincing

13  reason for delay, and the evidence adduced must be "significantly probative" of the disputed fact.

14  *See Neely*, 584 F.2d at 344; *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 954 (9th Cir. 1978).

15      Neither the declaration filed by Garay nor the one filed by her counsel create or support a

16  genuine and convincing reason for delaying consideration of Unum's motion for partial summary

17  judgment, let alone adduce "significantly probative" evidence of a disputed fact.  Partial summary

18  judgment is warranted.

19      **1.    Garay's Nondisclosure Claim is Untrue**

20      Garay claims Unum's initial disclosures did not include critical documents relevant to ERISA

21  preemption, such as the billing statements attached to the Declaration of Anna Stein.  Garay is

22  mistaken.

23      FRCP 26(a)(1) provides for certain required initial disclosures, stating in pertinent part:

24          (1) *Initial Disclosure.*
              (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as
25          otherwise stipulated or ordered by the court, a party must,
              without awaiting a discovery request, provide to the other
26          parties:
                 . . .
27                  (ii) a copy – or a description by category and location
                    – of all documents, electronically stored information,
28                  and tangible things that the disclosing party has in its

**-3-**

1    possession, custody, or control and may use to support
2    its claims or defenses, unless the use would be solely
     for impeachment;
3    . . .

4    Federal Rules of Civil Procedure Rule 26(a)(1).

5        Unum's Initial Disclosures did precisely what FRCP 26(a)(1)(A)(ii) require, providing:

6        **B.  *Documents***

7        A copy of the non privileged portions of defendant's file concerning
         plaintiff's claim for benefits is served herewith, designated
8        UACL00001 through UACL02465. A copy of the ERISA plan is also
         included within the documents noted above.
9
         UNUM also identifies additional documents that are relevant to
10       UNUM's assertion that this matter is governed by ERISA.  Those
         documents pertain to the issuance of the Long Term Disability
11       Coverage to the employee group, Site For Sore Eyes, the premiums
         billed for the Long Term Disability Coverage for Site For Sore Eyes,
12       the premiums collected for the Long Term Disability Coverage for
         Site For Sore Eyes and the employees removed and added as insureds
13       under the Site For Sore Eyes Long Term Disability Coverage, Group
         Identification Number 108121.
14

15   (Decl. Martin, Exh. A, Unum's Initial Disclosures.)

16       Unum thus disclosed and provide a copy of the Plan and the claim file, and identified by

17   category and location the documents pertaining to: (1) the issuance of the Long Term Disability

18   Coverage to the employee group, Site For Sore Eyes; (2) the premiums billed for the Long Term

19   Disability Coverage for Site for Sore Eyes; (3) the premiums collected for the Long Term Disability

20   Coverage for Site For Sore Eyes; and (4) the employees removed and added as insureds under the

21   Site For Sore Eyes Long Term Disability Coverage, Group Identification Number 108121.

22       With its motion for partial summary judgment, Unum submitted a Declaration of Anna Stein,

23   which included a copy of the Plan itself (Exhibit A); copies of documents pertaining to the issuance

24   of the Plan (Exhibits B, C and D); copies of documents pertaining to premiums billed and paid and

25   the addition and removal of insured employees under the Plan (Exhibits E through PP); and copies

26   of documents pertaining to Garay's claim, which are part of the claim file (Exhibits QQ and RR).

27       Garay's claim that "Unum's initial disclosures did not contain the documents Unum attached

28   to the declaration of Anne [sic] Stein . . ." is false and unfounded.

-4-

1

2. **Given that Garay's Nondisclosure Claim is Unfounded The Only Information Garay Has to Support a Claim for Additional Discovery is a Single Document Showing Her Name Instead of her Company's name, and Statements Identifying her Billing Division (-001).**

Garay then claims that a copy of the LC-CR-RIDER attached to the Plan with her name at the top somehow indicates a separate policy, even though the rest of the rider is identical to that provided with the Plan attached to the Stein Declaration as Exhibit A (UACL01201), and even though the two reference the same Group Identification Number. (Hopkins Decl., at 2; Garay Decl., at 9; Exh. A.)

This document identifies the Group Identification Number of the Plan plaintiff obtained for her business, 108121. There is no evidence at all of a separate policy or even different terms for different persons covered under the Plan. Ms. Stein explains the appearance of Garay's name as follows:

> 5.    Ms. Garay asserts that because Riders have either the name Sheri Garay or Site For Sore Eyes that this demonstrates that she had individual disability insurance coverage. Ms. Garay is mistaken.   The Riders clearly list the group policy/ identification number 108121.  The name on each of the Riders were manually typed into a word template utilized in UNUM's sales office. Ms. Garay's name was typed on the Rider as she was the sole proprietor who arranged for and purchased the group long term disability coverage for herself and her employees.

(Supp. Decl. Anna Stein, at ¶ 5.)

Garay's counsel then claims, "I noticed that early on Unum referred to Sheri A. Garay's policy number as 0108121-0001, leading me to believe that her employees may have had a different policy numbered 0108121-0002 or some different number." (Hopkins Decl., at ¶ 6.)

Unum explains that the -0001 Garay's counsel saw refers to a billing division number, and that there is no billing division -0002 or any other billing division associated with this group insurance policy (but even if there had been, multiple billing divisions does not mean multiple policies).  Ms Stein explains:

> 6.    The number 108121 is the group number associated with the disability insurance contract.  The number 001 represents the

**-5-**

1

2

3

4

5

6

7

8

> billing division for Sheri Garay dba Site For Sore Eyes. Many UNUM customers have more than one billing division. Site For Sore Eyes had only one billing division. Almost all items related to billing contain both the policy and division numbers 108121-001. The number 108121-001 may appear on other items as well. As to Ms. Garay's assertion that the number 108121-002 appears on documents that she received, this would be a mistake as there has never been a billing division 002 for Sheri Garay dba Site For Sore Eyes. I have not seen any documents where the number 108121-002 appears. Number 108121 is the policy number/group identification number assigned to Sheri Garay dba Site For Sore Eyes. When Site For Sore Eyes was sold to new owners in January, 2004, the group long term disability coverage continued to cover the new owners and its employees.

9   (Supp. Decl. Anna Stein, at ¶ 6.)

10      There is thus no evidence at all to support Garay's contention that she had a separate policy

11   from the Plan. All documents cited by Garay and her counsel identify Group Identification Number

12   108121. Garay only submitted one Application, and that was for a group plan. Garay provides

13   nothing but unsupported assertions that she believed she had some special coverage which she never

14   saw evidence of but nonetheless believed to exist.

15      The Plan with group identification number 108121 is obviously a group long term disability

16   insurance benefit plan. Such plans are governed by ERISA as a matter of law. See 29 U.S.C. §

17   1002(1); *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon,* 541 U.S. 1, 6 (2004);

18   *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 408 (9th Cir. 1995).

19      What's more, Garay paid premiums on the Plan, issuing a single check in response to each

20   premium billing statement, after seeing that those billing statements identified both Garay and her

21   other employees as insureds/participants. (See Decl. Stein. Supp MPSJ, Exhs. E - PP.) Given seven

22   years of monthly premium bills, which each identified the group policy number, and which each

23   listed both Garay and her other employees in the Employee Detail section, and charged a single

24   overall premium for all participants, including Garay, Garay's claim that she thought herself covered

25   by some separate deal is, if genuine, not based on any evidence whatsoever. Garay has not identified

26   any legitimate evidence she might be able to obtain with further discovery, there are no hidden

27   second policies, and she has not met her burden under FRCP 56(f) to delay partial summary

28   judgment.

**-6-**

**B.     GARAY OFFERS NO EVIDENCE AT ALL TO SUPPORT HER CONTENTION THAT SHE WAS COVERED BY A SEPARATE, INDEPENDENT PLAN**

As a second argument in opposition to partial summary judgment, Garay contends that if she can establish through discovery that she was governed by a separate, independent benefit plan, then she will survive partial summary judgment. (Opp. at 3-4.)  As noted above, Garay has provided no evidence whatsoever to support this wild conjecture.  Rather, all the evidence demonstrates Garay was a participant in the Plan, with Group Identification Number 108121.  Garay applied for Group Long Term Disability Coverage, listing herself as one of the covered employees.  (Decl. of Anna Stein, Exh. A, UACL1206).  Garay paid a single premium payment each month in response to premium bills that clearly showed they were for the Plan (*Id*., Exhs. E-PP), and that listed the employee participants, Garay admits she had a copy of the Plan (Garay Decl., at ¶ 9), and Garay filed a claim for Long Term Disability (not Individual Disability) under the Plan issued to Site For Sore Eyes. (Decl. Stein, Exh. QQ, UACL00020).  Every letter that Unum sent to Garay referenced Group Policy No. 108121. (See Decl. Garay, Exhs. 2-12.)  Given how often plaintiff Garay was confronted with the fact that Group Policy No. 108121 was a single, group insurance plan that covered both her and her eligible employees, her contention that she believed she had a separate plan is no credible.

Certainly there is no grounds for conducting further discovery, which would yield nothing at all to support her unsubstantiated allegation.  (See Supp. Decl. Stein, ¶¶ 4-6)

**C.     GARAY'S CLAIMS SHE NEITHER ESTABLISHED NOR MAINTAINED THE PLAN ARE EQUALLY SPECIOUS.**

Garay also opposes partial summary judgment claiming she did not establish or maintain the Plan, instead blaming it all on her insurance broker – who is her agent as a matter of law.  See Cal. Ins. C. §§ 33, 1623.  Garay says she was "convinced" to purchase the group long term disability insurance plan, but that in no way suggests she did not establish the plan.  Garay applied for the plan and paid premiums on the plan for herself and her employees

Garay sites *Zavora v. Paul Revere Life Ins. Co.*,145 F.3d 1118 (9th Cir. 1998) as support for her contention that she did not establish or maintain the plan. *Zavora*, which is merely a statement of the Safe Harbor doctrine, offers no such help.  Garay is essentially trying to slip into the Safe

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**                          CASE NO.  3:08-cv-01059 SBA

1   Harbor provision without countering the evidence that demonstrates she does not, let alone offering

2   any positive evidence that she meets the provisions.

3       As *Zavora* court noted:

4       [T]he terms "employee welfare benefit plan" and "welfare plan" shall
        not include a group or group-type insurance program offered by an
5       insurer to employees ..., under which

6       (1)    No contributions are made by an employer ...;
        (2)    Participation [in] the program is completely voluntary for
7              employees ...;
        (3)    The sole functions of the employer ... with respect to the
8              program are, without endorsing the program, to permit the
               insurer to publicize the program to employees ..., to collect
9              premiums through payroll deductions ... and to remit them to
               the insurer; and
10      (4)    The employer ... receives no consideration in the form of cash
               or otherwise in connection with the program, other than
11             reasonable   compensation,   excluding   any   profit,   for
               administrative services actually rendered in connection with
12             payroll deductions....

13  *Zavora*, 145 F.3d at 1120 -1121 (quoting 29 C.F.R. § 2510.3-1(j)). The Zavora court noted that the

14  program offered by Zavora's employer, Decorative Carpet, was voluntary for employees, that the

15  employees paid the entire premium, and that Decorative Carpet received no consideration for its

16  services beyond the cost of administrative services. The question remaining was whether Decorative

17  Carpet endorsed the program or performed other functions, and the *Zavora* court noted that the

18  ultimate question was whether the plan wass "established or maintained" by Decorative Carpet for

19  its employees: if it was, then ERISA governed. *Id*.

20      Here, plaintiff Garay, as employer, paid the premium. (Garay Decl., at ¶ 5) Garay admits

21  she did NOT deduct premiums from payroll, and that the Plan would not allow for payroll deduction.

22  (Garay Decl., at ¶ 6) Rather, the Plan required that "the cost of your insurance is paid entirely by

23  your employer." (Dec. Stein, Exh. A, UACL01202). Not only that, but Garay was herself a Plan

24  participant. Garay's claim cannot fall within the Safe Harbor provisions, because, as a matter of law,

25  Garay's business maintained the Plan by paying the entire cost of the Plan, and doing so not just

26  once, but monthly between 1995 and 2003.

27      Additionally, the Plan contains a minimum participation requirement, and warns that

28  coverage may be terminated if the number of covered employees ever falls below two:

**-8-**

1
        2.      The Insurance Company may terminate the employer's coverage under the policy on any premium due date by giving written notice to the employer at least 31 days in advance if:

2

3
    a.    the number of employees insured is less than 2; or

    b.    for employers with under 10 lives, less than 100% of the employees eligible for insurance are insured for it; or

4

5
    c.    for employers with 10 or more lives, less than 75% of the employees eligible for any contributory insurance are insured for it; or

6

7
    d.    for employers with 10 or more lives, less than 100% of the employees eligible for any non-contributory insurance are insured for it; or

8
    e.    the employer fails:

        i.    to furnish promptly any information which the Insurance Company may require; or

9

        ii.    to perform any other obligations pertaining to this plan of insurance.

10

11 (Decl. Stein, Exh. A, UACL01205.)

12     As a matter of law, a minimum participation requirement means that the plan is not

13 "completely voluntary" within the meaning of ERISA, and thus cannot be subject to the safe harbor

14 provisions. *The Meadows v. Employers Health Ins. Co.*, 826 F.Supp. 1225, 1229 (D. Ariz. 1993),

15 *aff'd*, 47 F.3d 1006 (9th Cir. 1995); *Cote v. Durham Life Ins. Co.*, 754 F.Supp. 18, 21 (D. Conn.

16 1991). This authority is affirmed in leading tests on ERISA. *See, e.g.,* D. Bacon, S. Prater, D.

17 Tucker, *Employee Benefits Guide* § 2.02[3] (Matthew Bender & Co. 1994) ("If an employer pays

18 some or all of the group insurance premiums, endorses the program, or if the employee participation

19 is other than completely voluntary (for example, the plan requires 75% or 100% employee coverage),

20 ERISA will govern.")

21     The UNUM policy here was similarly not a "voluntary" participation policy, thus, ERISA

22 governs and the safe harbor provisions are inapplicable.

23     Garay established the Plan when she applied for and received Group Policy No. 108121 from

24 Unum. Garay maintained the plan by receiving bills, paying premiums, and adding and removing

25 employees/participants. Whether or not Garay "wanted" to pay premiums (see Opp., at 6) is

26 irrelevant: the very first requirement of the Safe Harbor provision is that "No contributions are made

27 by the employer."

28 / / /

1    Here, the Plan requires that the employer make 100% of the contributions, and Garay did so,

2    and cannot meet the first or third requirements of the ERISA safe harbor statute. The Plan was not

3    voluntary, and Garay cannot meet the second requirement of the ERISA safe harbor statute. And

4    Garay herself was a participant, and thus received coverage at a group discount rate, and cannot meet

5    the fourth requirement of the ERISA safe harbor statute. Neither *Zavora* nor the Safe Harbor

6    provision has any relevance here.

7    **D.    GARAY'S WAIVER/ESTOPPEL ARGUMENT IS WITHOUT MERIT.**

8    Garay claims Unum waived ERISA preemption because it did not timely raise it. (Opp. at

9    6-7.) Garay claims that Unum failed to advise her of her ERISA rights and thus waived ERISA

10    preemption. A closer read of Garay's claim shows that she is not identifying any specific right that

11    Unum failed to advise her of, but only that Unum failed to use the word ERISA when it advised her

12    of those rights. This claim is without merit.

13    Defendant cites *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1011 n. 7 (9th

14    Cir. 2004) as supporting her contention that Unum was required to use the word ERISA when it

15    informed her of her rights. That is not precisely what *Hangarter* said. Rather, the *Hangarter* court

16    explained:

17    Defendants respond to Caliri's testimony by stating that under
California law the insurer has no obligation to inform the insured
18    about benefits set forth clearly in the policy. This, however, does not
rebut Caliri's observation that Defendants' failure to inform Hangarter
19    fully about her rights under the policy generally fell below industry
customs and norms.

20

21    *Hangarter*, 373 F.3d at 1011 n. 7.

22    The documents Garay attaches to her declaration demonstrate that Unum repeatedly advised

23    Garay of her rights under the Plan, including a thorough explaination for the benefit denial, the

24    method and timeframe for appealing the decision, how long the appeal will take, Garay's opportunity

25    to submit additional information in support of her appeal, the specific information the appeal

26    response would provide, the method for contacting the California Department of Insurance, and all

27    other rights afforded to her under ERISA and California law. (See Garay Decl. Exh. C.)

28    / / /

-10-

1   Garay does not identify a single "right under the plan" that Unum failed to inform her of, and

2   her waiver claim is without merit.  Unum respectfully requests partial summary judgment on the

3   issue of ERISA applicability.

4

5   **E.    GARAY'S CLAIM THAT NO ONE ELSE WOULD BE HARMED IF THE COURT
        WERE TO FIND THE PLAN OUTSIDE ERISA IS SPECIOUS.**

6   In what appears to be a throwaway, last ditch effort, Garay argues that, since she sold her

7   business in 2004, all of her employees were terminated, and so, even though the new entity took over

8   the Plan, plaintiff Garay's own claim (made in 2002, well before she sold the company) should now

9   somehow fall outside ERISA because there is no longer any covered employees under the Site for

10  Sore Eyes plan.  The case Garay sites for this proposition says no such thing.

11  Rather, that case stands for the proposition that a converted, individual benefit plan is not

12  governed by ERISA.  As the *Waks* court explained:

13          A converted policy is created when an ERISA plan participant leaves
        the plan and obtains a new, separate, individual policy based on
14          conversion rights contained in the ERISA plan. The contract under
        the converted policy is directly between the insurer and insured. It is
15          independent of the ERISA plan and does not place any burdens on the
        plan administrator or the plan. There are also no relevant
16          administrative actions by the employer.

17  *Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872, 876 (9th Cir. 2001).

18  The Plan does not allow the employer to convert.  Garay never attempted to convert her

19  coverage to an individual plan.  Indeed, there could be no conversion, as Garay applied for benefits

20  while she was still the employer and still paying premium for herself and her employees.  There is

21  no evidence to suggest conversion ever occurred or was even attempted.  Rather all of the evidence

22  is to the contrary, Garay applied for benefits under the Group Long Term Disability Plan, and Unum

23  is entitled to partial summary judgment on the applicability of ERISA.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

---

**-11-**

1

## IV. CONCLUSION

2        For the foregoing reasons, Unum respectfully requests that the Court grant its motion for

3   partial summary judgment, confirm that the insurance policy at issue is governed by ERISA, and find

4   that plaintiff's sole available cause of action is a " civil action . . . to recover benefits due" under the

5   terms of the Plan, where a trial by jury and extra-contractual damages are unavailable.

6

7                                                Respectfully submitted,

8                                                RIMAC & MARTIN, P.C.

9

10
    DATED:  July 8, 2008              By:    /s/  ANNA M. MARTIN
11                                            ANNA M. MARTIN
                                              Attorneys for Defendants
12                                            UNUM LIFE INSURANCE COMPANY
                                              OF AMERICA
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**              CASE NO.  3:08-cv-01059 SBA

**RIMAC MARTIN, P.C.**
ANNA M. MARTIN - CSBN 154279
KEVIN G. GILL - CSBN 226819
*amartin@rimacmartin.com*
*kgill@rimacmartin.com*
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY
OF AMERICA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

*E-FILING*

| | |
|---|---|
| SHERI GARAY, | ) |
| | ) CASE NO. **3:08-cv-01059 SBA** |
| Plaintiff, | ) |
| | ) **DECLARATION OF ANNA M. MARTIN** |
| | ) **IN SUPPORT OF DEFENDANT'S** |
| vs. | ) **MOTION FOR PARTIAL SUMMARY** |
| | ) **JUDGMENT ON THE APPLICABILITY** |
| UNUM LIFE INSURANCE COMPANY OF | ) **OF THE EMPLOYEE RETIREMENT** |
| AMERICA, and DOES 1-10, | ) **INCOME SECURITY ACT (ERISA)** |
| | ) |
| Defendants. | ) Date    July 22, 2008 |
| | ) Time:  1:00 p.m. |
| | ) Ctrm:  3 |
| | ) |
| | ) The Honorable Saundra Brown Armstrong |

I, Anna M. Martin, declare as follows:

1.      I am an attorney licensed to practice before all courts of this state.  I am a

principal in the law firm of Rimac Martin, a professional corporation, and counsel of record for

defendant UNUM Life Insurance Company of America ("defendant") in this case.  The facts

stated herein are true of my own knowledge and, if called upon to do so, I could and would

testify competently thereto.

/ / /

1   2.  Attached hereto as Exhibit A is a true and correct copy of defendant's Initial

2 Disclosures (without attachments).  Defendant's Initial Disclosures and attachments were served

3 upon plaintiff by overnight courier on June 3, 2008.

4    I declare under penalty of perjury under the laws of the United States of America

5 that the foregoing is true and correct.

6   Executed July 8, 2008, at San Francisco, California.

7

8

9         /s/ ANNA M. MARTIN

10         ANNA M. MARTIN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RIMAC MARTIN, P.C.**
ANNA M. MARTIN - CSBN 154279
KEVIN G. GILL - CSBN 226819
*amartin@rimacmartin.com*
*kgill@rimacmartin.com*
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY
OF AMERICA

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

*E-FILING*

SHERI GARAY,

            Plaintiff,

        vs.

UNUM LIFE INSURANCE COMPANY OF
AMERICA, and DOES 1-10,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. **3:08-cv-01059 SBA**

**DEFENDANT'S**
**INITIAL DISCLOSURES**
**[F.R.C.P., Rule 26(a)(1)]**

    Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA provides the

following Initial Disclosures pursuant to Federal Rules of Civil Procedure, Rule 26(a)(1).

Defendant reserves the right to amend and/or supplement these disclosures as necessary or

appropriate.

    **A.**  *Individuals Likely to Have Discoverable Information*

    UNUM asserts that this matter is governed by ERISA and that this matter is to be

determined by the Court solely from a review of the administrative record, which is served

1  herewith, any information that defendant may use to support its claims or defenses, is to be found

2  in that administrative record.  Further, any individual likely to have discoverable information is

3  identified in the documents produced herewith.  Moreover, in the unlikely event that this matter

4  is not found to be governed by ERISA, then UNUM incorporates by reference some of  the

5  individuals set forth in plaintiff's Initial Disclosure.

6       **B.  *Documents***

7       A copy of the non privileged portions of defendant's file concerning plaintiff's claim for

8  benefits is served herewith, designated UACL00001 through UACL02465.  A copy of the ERISA

9  plan is also included within the documents noted above.

10       UNUM also identifies additional documents that are relevant to UNUM's assertion that

11  this matter is governed by ERISA.   Those documents pertain to the issuance of the Long Term

12  Disability Coverage to the employee group, Site For Sore Eyes, the premiums billed for the Long

13  Term Disability Coverage for Site For Sore Eyes, the premiums collected for the Long Term

14  Disability Coverage for Site For Sore Eyes and the employees removed and added as insureds

15  under the Site For Sore Eyes Long Term Disability Coverage, Group Identification Number

16  108121.

17

18                              RIMAC  MARTIN
                              *a Professional Corporation*

19

20  DATED:  June 3, 2008          By:  ⟨signature⟩

21                              ANNA M. MARTIN
                              Attorneys for Defendants
22                              UNUM LIFE INSURANCE COMPANY OF
                              AMERICA

23

24

25

26

27

28

---

**DEFENDANT'S INITIAL DISCLOSURES**          **-2-**          **CASE NO.  3:08-cv-01059 SBA**

## PROOF OF SERVICE BY OVERNIGHT COURIER

I am employed at Rimac & Martin, 1051 Divisadero Street, San Francisco, California 94115. I am over the age of 18 years and am not a party to this action.

On June 3, 2008, I served the within **DEFENDANT'S INITIAL DISCLOSURES [F.R.C.P., Rule 26(a)(1)]** on the interested parties hereto by placing said documents into a box of appropriate size, thereafter sealed with a fully-completed DHL Express air waybill affixed thereon, and pursuant to my firm's account in good standing with DHL Express, handing over same to the DHL messenger at San Francisco, California, for next-day delivery to the following address:

John F. Martin, Esq.
Law Offices of John F. Martin
3100 Oak Road, Suite 230
Walnut Creek, CA  94596

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 3, 2008, at San Francisco, California.

Karl H. Plischke

PROOF OF SERVICE BY OVERNIGHT COURIER          CASE NO.  3:08-cv-01059 SBA

**RIMAC & MARTIN, P.C.**
JOSEPH M. RIMAC - State Bar No. 72381
ANNA M. MARTIN - State Bar No. 154279
KEVIN G. GILL - State Bar No. 226819
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430
*jrimac@rimacmartin.com*
*amartin@rimacmartin.com*
*kgill@rimacmartin.com*

Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY OF
AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI GARAY, | ) **E-FILED** |
| | ) |
| Plaintiff, | ) CASE NO. 3:08-cv-01059 SBA |
| | ) |
| vs. | ) **Supplemental Declaration of Anna M Stein** |
| | ) **In Support Of Defendant UNUM Life** |
| | ) **Insurance Company Of America's Reply** |
| UNUM LIFE INSURANCE COMPANY OF | ) |
| AMERICA | ) Date:  July 22, 2008 |
| | ) Time:  1:00 p.m. |
| Defendants. | ) Dept:  Ctrm. 3 |
| | ) |
| | ) |
| | ) THE HONORABLE SANDRA BROWN |
| | ) ARMSTRONG |
| | ) |
| | ) |
| | ) |
| | ) |

I, Anna M. Stein, declare as follows:

---

**SUPPLEMENTAL DECLARATION**
**OF ANNA M. STEIN**

-1-

CASE NO. 3:08-V-01059 SBA

1.      I am the Assistant Vice President, Regional Operations, Client Service Center for defendant UNUM Life Insurance Company of America ("UNUM"). I have submitted a prior declaration in support of UNUM's Partial Motion For Summary Judgment. Please refer to the prior declaration as well.

2.      In my capacity as the Assistant Vice President, Regional Operations, Client Service Center, I am responsible for all Group Core Market, less than 2000 lives, business for UNUM U.S. My responsibilities include:

        *    overseeing billing functions;

        *    overseeing new business functions, including the issuance of contracts and initial customer deliverables for non-standard Home Office issued business; and,

        *    overseeing premium collection and accounting functions.

3.      I also have personal knowledge of UNUM's practices and procedures for maintaining records in the ordinary course of business. It was and currently is the ordinary course of business for UNUM to maintain records relative to group disability insurance, such as the exhibits attached to my prior declaration filed in support of UNUM's partial summary judgment motion, which records were made at or near the time of the acts, transactions, occurrences, and/or events reflected in the records, or within a reasonable time thereafter, by someone with personal knowledge with such acts, transactions or occurrences and/or events.

4.      Sheri Garay as well as the employees of Site For Sore Eyes were covered under a group long term disability plan, policy number 108121 which is attached to my prior declaration as Exhibit A. The policy number is also referred to as the Group Identification number. At no time was Ms. Garay insured under an individual disability policy issued by UNUM. Additionally, at no time was Ms. Garay insured under a policy different from the policy

-2-

SUPPLEMENTAL DECLARATION
OF ANNA M. STEIN

CASE NO. 3:08-V-01059 SBA

that insured the employees of Site For Sore Eyes.  Ms. Garay and the employees of Site For

Sore Eyes were insured under the same policy with a group identification number of

108121.  Ms. Garay purchased long term disability coverage for herself and her employees

through the purchase of a group long term disability insurance policy from UNUM.

5.    Ms. Garay asserts that because Riders have either the name Sheri Garay or Site For Sore

Eyes that this demonstrates that she had individual disability insurance coverage.  Ms. Garay

is mistaken.  The Riders clearly list the group policy/ identification number 108121.  The

name on each of the Riders were manually typed into a word template utilized in UNUM's

sales office.  Ms. Garay's name was typed on the Rider as she was a sole proprietor who

arranged for and purchased the group long term disability coverage for herself and her

employees.

6.    The number 108121 is the group number associated with the disability insurance contract.

The number 001 represents the billing division for Sheri Garay dba Site For Sore Eyes.

Many UNUM customers have more than one billing division.  Site For Sore Eyes had only

one billing division.  Almost all items related to billing contain both the policy and division

numbers 108121-001.  The number 108121-001 may appear on other items as well.  As to

Ms. Garay's assertion that the number 108121-002 appears on documents that she received,

this would be a mistake as there has never been a billing division 002 for Sheri Garay dba

Site For Sore Eyes.  I have not seen any documents where the number 108121-002 appears.

Number 108121 is the policy number/group identification number assigned to Sheri Garay

dba Site For Sore Eyes.  When Site For Sore Eyes was sold to new owners in January, 2004,

the group long term disability coverage continued to cover the new owners and its

employess.

-3-

**SUPPLEMENTAL DECLARATION**
**OF ANNA M. STEIN**                                    **CASE NO.** 3:08-V-01059 SBA

1
2      I, declare under penalty of perjury, under the laws of the United States that the foregoing is
3
4   true and correct.  Executed this 7th day of July, 2008 at Portland, Maine.
5
6
7
8   -----------------------------------------------------------
9                        ANNA M. STEIN
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-4-