**RIMAC MARTIN, P.C.**
ANNA M. MARTIN - CSBN 154279
KEVIN G. GILL - CSBN 226819
*amartin@rimacmartin.com*
*kgill@rimacmartin.com*
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY
OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI GARAY, | *E-FILING* |
| Plaintiff, | CASE NO. **3:08-cv-01059 SBA** |
| vs. | **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE APPLICABILITY OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)** |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, and DOES 1-10, | |
| Defendants. | Date    July 22, 2008<br>Time:  1:00 p.m.<br>Ctrm:  3 |
| | The Honorable Saundra Brown Armstrong |

On July 22, 2008, the Court heard argument on defendant's motion for partial summary judgment on the applicability of ERISA. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS defendants' motion.

Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA moves for partial summary judgment based on the following reasoning:

(1) Plaintiff, doing business as Site For Sore Eyes, purchased and maintained a Group Long Term Disability Plan ("the Plan") from defendant insurer;

-1-

[PROPOSED] ORDER                                                                 CASE NO. 3:08-cv-01059 SBA

1  (2) The Plan provided long term disability coverage to the employees of plaintiff's business, including plaintiff as a working owner, and as such is governed by ERISA;

(3) Plaintiff filed a claim for benefits under the Plan, which was denied; and

(4) Plaintiff's sole remedies are those available under ERISA. Correspondingly, plaintiff's state law causes of action and prayers for relief must be dismissed.

**DISCUSSION**

A group long term disability benefits plan that is established or maintained by an employer for the purpose of providing disability insurance for its participants is governed by ERISA. *See Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404, 408 (9th Cir. 1995) (quoting 29 U.S.C. § 1002(1)). Any group benefits plan that covers one or more employees in addition to the business owner is governed by ERISA. *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon,* 541 U.S. 1, 6 (2004).

The Court finds that plaintiff, doing business as Site For Sore Eyes, established and maintained the Group Long Term Disability Benefits Plan under which she filed a claim for benefits for the purpose of providing disability insurance for herself and her employees. Accordingly, the group benefits plan is governed by ERISA.

"There are two strands to ERISA's powerful preemptive force. First, ERISA section 514(a) expressly preempts all state laws 'insofar as they may now or hereafter relate to any employee benefit plan,'" though state laws which regulate insurance, banking, or securities are saved from this preemption. *Cleghorn v. Blue Shield of California,* 408 F.3d 1222, 1225 (9th Cir. 2005) (*quoting* 29 U.S.C. §§ 1144(a), (b)(2)(A)). "Second, ERISA section 502(a) contains a comprehensive scheme of civil remedies to enforce ERISA's provisions." *Id.* (*citing* 29 U.S.C. § 1132(a)).

Section 502(a) provides in pertinent part: "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1132(a). As a result, a "state cause of action that would fall within the scope of this scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme, even if those causes of action would not necessarily be preempted by section 514(a)." *Cleghorn*, 408 F.3d at 1225 (*citing Aetna Health Inc. v. Davila,* 542 U.S. 200, 214, n. 4 (2004)).

Because the Plan here is governed by ERISA, plaintiff's sole available cause of action is a " civil action . . . to recover benefits due" under the terms of the Plan. 29 U.S.C. § 1132. ERISA specifically preempts Plaintiff's state law causes of action and prayer for extra-contractual remedies.

## CONCLUSION

For the foregoing reasons and for good cause shown:   Defendant's motion for partial summary judgment is GRANTED.  The insurance policy at issue is governed by ERISA, and plaintiff's sole available cause of action is a "civil action . . . to recover benefits due" under the terms of the Plan, where a trial by jury and extra-contractual damages are unavailable. Correspondingly, plaintiff's state law causes of action and prayer for extra-contractual damages are dismissed.

**IT IS SO ORDERED.**

Dated: _____    
                                      The Hon. SAUNDRA BROWN ARMSTRONG  
                                      United States District Judge